**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JUAN GONZALEZ VILLATORO,                                    Civ. Action No.:

               Plaintiff,

     -against-

JESADAN MEAT CORP., PABLO
ESPINAL, and PABLO ESPINAL, JR.

              Defendants.
-------------------------------------------------------X

## COMPLAINT

Plaintiff, JUAN GONZALEZ VILLATORO ("Plaintiff"), as and for his Complaint against

Defendants, JESADAN MEAT CORP., PABLO ESPINAL, and PABLO ESPINAL, JR.

(collectively, "Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1.     Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and the New York Codes,

Rules, and Regulations, Part 142 ("Regulations"), to recover unpaid overtime compensation and

for other relief.

2.     Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA,

29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part

of the same case or controversy.

4.     Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a

substantial part of the events giving rise to these claims occurred in this judicial district.

1

## PARTIES

5.      Plaintiff is a resident of the State of New York.

6.      Defendants owned and operated an Associated Supermarkets located at 975 Nostrand Avenue, Brooklyn, New York.

7.      Defendant Jesadan Meat Corp. ("Jesadan") is a New York domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      At all relevant times, Jesadan maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

9.      Jesadan was and continues to be owned, operated, and controlled by Defendant Pablo Espinal.

10.     Pablo Espinal is a resident of the State of New York.

11.     At all relevant times, Pablo Espinal was and continues to be an owner, corporate officer, director, and/or managing agent of Jesadan.

12.     At all relevant times, Pablo Espinal exercised operational control over Jesadan, controlled significant business functions of Jesadan, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Jesadan in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees, including Plaintiff.

13.     At all relevant times, Pablo Espinal participated in running the daily operations of Jesadan and the Associated Supermarkets located at 975 Nostrand Avenue, Brooklyn, New York.

14.     At all relevant times, Pablo Espinal participated in the management and supervision of Plaintiff and his work for Defendants.

15.     At all relevant times, Pablo Espinal maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

16.     Jesadan was and continues to be owned, operated, and controlled by Defendant Pablo Espinal, Jr.

17.     Pablo Espinal, Jr. is a resident of the State of New York.

18.     Pablo Espinal, Jr. is the son of Pablo Espinal.

19.     At all relevant times, Pablo Espinal, Jr. was and continues to be an owner, corporate officer, director, and/or managing agent of Jesadan.

20.     At all relevant times, Pablo Espinal, Jr. exercised operational control over Jesadan, controlled significant business functions of Jesadan, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Jesadan in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees, including Plaintiff.

21.     At all relevant times, Pablo Espinal, Jr. participated in running the daily operations of Jesadan and the Associated Supermarkets located at 975 Nostrand Avenue, Brooklyn, New York.

22.     At all relevant times, Pablo Espinal, Jr. participated in the management and supervision of Plaintiff and his work for Defendants.

23.     At all relevant times, Pablo Espinal, Jr. maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

24.     Upon information and belief, at all times relevant, Defendants jointly employed Plaintiff as a cleaner.

3

25.     Defendants had substantial control over Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

26.     Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## FACTS

27.     Plaintiff was employed by Defendants from on or about 1997 until on or about July 25, 2021.

28.     During Plaintiff's employment, Plaintiff was employed as a cleaner for the benefit of and at the direction of Defendants at their Associated Supermarkets located at 975 Nostrand Avenue, Brooklyn, New York.

29.     During 2015 and 2016, Plaintiff worked six days a week with Wednesday being his day off.

30.     During this time, Plaintiff worked from 7:30 p.m. to 7:30 a.m. and took a one hour meal break.

31.     During this time, Plaintiff worked 66 hours each week.

32.     During this time, Defendants paid Plaintiff a set weekly salary.

33.     During this time, Defendants paid Plaintiff his weekly salary partly by check and partly in cash.

34.     During this time, Defendants did not pay Plaintiff overtime compensation for any hours that he worked in excess of forty (40) each week.

35.     During this time, Defendants did not pay Plaintiff at least one and one-half times his regular rate of pay for any hours that he worked in excess of forty (40) per week.

36.     During this time, Defendants failed to provide Plaintiff with complete and accurate earnings statements along with his weekly earnings, as required by NYLL § 195(3).

37.     During 2017, 2018, and 2019, Plaintiff worked five days a week with Wednesday and Sunday being his days off.

38.     During this time, Plaintiff worked from 7:30 p.m. to 7:30 a.m. and took a one hour meal break.

39.     During this time, Plaintiff worked 55 hours each week.

40.     During this time, Defendants paid Plaintiff a set weekly salary.

41.     During this time, Defendants paid Plaintiff his weekly salary partly by check and partly in cash.

42.     During this time, Defendants did not pay Plaintiff overtime compensation for any hours that he worked in excess of forty (40) each week.

43.     During this time, Defendants did not pay Plaintiff at least one and one-half times his regular rate of pay for any hours that he worked in excess of forty (40) per week.

44.     During this time, Defendants failed to provide Plaintiff with complete and accurate earnings statements along with his weekly earnings, as required by NYLL § 195(3).

45.     During 2020 and 2021, Plaintiff worked four days a week with Tuesday, Thursday, and Sunday being his days off.

46.     During this time, Plaintiff worked from 7:30 p.m. to 7:30 a.m. and took a one hour meal break.

47.     During this time, Plaintiff worked 44 hours each week.

48.     During this time, Defendants paid Plaintiff a set weekly salary.

49.     During this time, Defendants paid Plaintiff his weekly salary partly by check and partly in cash.

50.     During this time, Defendants did not pay Plaintiff overtime compensation for any hours that he worked in excess of forty (40) each week.

51.     During this time, Defendants did not pay Plaintiff at least one and one-half times his regular rate of pay for any hours that he worked in excess of forty (40) per week.

52.     During this time, Defendants failed to provide Plaintiff with complete and accurate earnings statements along with his weekly earnings, as required by NYLL § 195(3).

53.     Pablo Espinal hired Plaintiff.

54.     Pablo Espinal and Pablo Espinal, Jr. determined the job duties that Plaintiff performed each day.

55.     Pablo Espinal and Pablo Espinal, Jr. supervised Plaintiff's duties each day.

56.     Pablo Espinal and Pablo Espinal, Jr. set Plaintiff's work schedule each week.

57.     Pablo Espinal and Pablo Espinal, Jr. determined the hours that Plaintiff worked each day and week.

58.     Pablo Espinal and Pablo Espinal, Jr. determined the manner in which Plaintiff was paid each week.

59.     Pablo Espinal and Pablo Espinal, Jr. determined Plaintiff's rate(s) of pay.

60.     Pablo Espinal and Pablo Espinal, Jr. ran the day-to-day operations of Jesadan during Plaintiff's employment.

61.     Defendants managed Plaintiff's employment, including the amount of overtime worked.

62.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

63.     Defendants were aware of Plaintiff's work hours but failed to pay him the full amount of overtime compensation to which he was entitled under the law.

64.     Defendants' failure to pay proper wages in a timely manner was made without good faith, willfully, and with a reckless disregard for Plaintiff's rights and Plaintiff has been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ.***
**FAILURE TO COMPENSATE FOR OVERTIME**

65.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

66.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

67.     Defendants were and are subject to the overtime pay requirements of the FLSA because the Corporate Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

68.     At all times relevant to this Complaint, the Corporate Defendant had, and continues to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled goods, supplies, and equipment that originated outside of the State of New York.

69.     Upon information and belief, the gross annual volume of sales made or business done by the Corporate Defendant for the years 2019, 2020, and 2021 was not less than $500,000.00.

70.     At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

71.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

72.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

73.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

74.     However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

75.     Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

76.     Defendants did not act in good faith with respect to the conduct alleged herein.

77.     As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
**FAILURE TO COMPENSATE FOR OVERTIME**

78.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

79.     At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

80.     Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

81.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

82.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

83.     Plaintiff was not exempt from the overtime provisions of the New York Labor Law, because he did not meet the requirements for any of the exemptions available thereunder.

84.     Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

85.     Defendants did not act in good faith with respect to the conduct alleged herein.

86.     As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

87.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

88.     Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

89.     Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

90.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.     Declare and find that Defendants committed one or more of the following acts:

1.     Willfully violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

10

2.      Willfully violated the provisions of the NYLL by failing to pay overtime compensation to Plaintiff;

3.      Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage statements;

B.      Award compensatory damages, including all overtime compensation owed in an amount according to proof;

C.      Award liquidated damages under the NYLL, or alternatively the FLSA;

D.      Award statutory damages under the NYLL;

E.      Award interest on all NYLL overtime compensation due accruing from the date such amounts were due;

F.      Award all costs and attorneys' fees incurred in prosecuting this action; and

G.      Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
        October 8, 2021

Neil H. Greenberg, Esq.
Justin M. Reilly, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
justin@nhglaw.com

11

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Jesadan Meat Corp y Pablo Espinal**  y/o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b).

I, consent to be a party plaintiff in a lawsuit against **Jesadan Meat Corp y Pablo Espinal** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

**Fecha:**        Septiembre 27, 2021

**Firma:**        *JUAN GONZALEZ*
                 Juan A. Gonzalez Villatoro